# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-2345

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Sergio Valencia, Sr.,

*Defendant - Appellant.*

——————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————

Submitted: May 14, 2018
Filed: August 6, 2018
[Unpublished]

——————

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

——————

PER CURIAM.

A jury convicted Sergio Valencia, Sr., of conspiracy to commit money laundering and conspiracy to distribute methamphetamine. The district court[1]

———————————————

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

sentenced him to 160 months' imprisonment. On appeal, Valencia contends that his convictions should be reversed because the district court made an evidentiary error when it allowed testimony about the association between certain imagery and drug trafficking. This court rejected virtually the same evidentiary argument in *United States v. Holmes*, 751 F.3d 846 (8th Cir. 2014), so we conclude that the district court did not abuse its discretion here.

The charges against Valencia arose after police executed a search warrant at Valencia's house in California. Police discovered methamphetamine, drug records, and approximately $4,000 in cash. Valencia was present and admitted that he knowingly possessed the methamphetamine. At trial, a witness for the prosecution testified that he transported methamphetamine from California to Nebraska for Valencia at least six times, and that he deposited drug proceeds collected in Nebraska into banks accounts controlled by Valencia and his family. Another witness also participated in the cross-country deliveries and collections, and provided a substantially similar account. The government presented bank records from Valencia's landscaping business and his immediate family that showed cash deposits from Nebraska into the accounts during the time of the trips taken by the witnesses.

The evidentiary dispute concerns a portrait of Jesus Malverde that was part of a larger shrine of religious icons located in the living room of Valencia's home. At trial, two experienced narcotics investigators testified about the significance of Jesus Malverde imagery. One testified that an image of Jesus Malverde is "considered good luck" for narcotics dealers, and that the presence of such imagery would be circumstantial evidence that a location was associated with drug trafficking. Another explained that it was "folklore" that Jesus Malverde is "a patron saint of drug dealers." He opined that the presence of a Jesus Malverde image in a residence—along with methamphetamine and large amounts of cash—would lead him to believe it likely that someone in the household was involved in drug distribution. The witnesses also acknowledged, however, that the presence of Jesus Malverde

imagery by itself would not establish drug trafficking activity, and one officer confirmed that Malverde was venerated by many people other than drug dealers.

Valencia complains that the evidence should have been excluded as irrelevant or unfairly prejudicial under Federal Rule of Evidence 401 or 403. This court addressed virtually identical issues in *Holmes*. There, images of Jesus Malverde were found in the home of a defendant accused of drug trafficking. At trial, a United States Marshal testified as an expert on "the iconography of the Mexican drug underworld." *Holmes*, 751 F.3d at 849. He explained that Jesus Malverde was "a 'narco-saint' hailed as a 'Mexican Robin Hood,'" but also noted that Malverde was a patron saint of the poor and that many persons not associated with drug trafficking have statues of Malverde. *Id.* We held that the testimony was properly admitted as relevant and helpful on the *modus operandi* of drug dealers, because drug iconography in the defendant's home was "highly relevant," and the witness testified that the iconography alone did not indicate drug trafficking activity, so the testimony was not unfairly prejudicial. *Id.* at 851.

The district court's ruling in this case was not an abuse of discretion in light of *Holmes*. As in our prior decision, the witnesses were experienced narcotics investigators who testified about the *modus operandi* of drug traffickers. They opined that Jesus Malverde icons were associated with drug dealing, but did not assert that the imagery by itself could establish drug trafficking. The prosecution's case involved substantial direct and circumstantial evidence of drug trafficking and money laundering, and the testimony about iconography was a small piece of circumstantial evidence concerning the residence where Valencia was found in possession of methamphetamine and cash. Valencia argues that *Holmes* was wrongly decided and prefers the rationale of *United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014), and a concurring opinion in *Holmes*. But the district court ruled permissibly under the law of the circuit, and there was no abuse of discretion in admitting the evidence.

-3-

The judgment of the district court is affirmed.

_____